IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Johnnie Gathers, ) | CIVIL ACTION NO. 9:12-0716-JMC-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Lt. Patricia A. Graham, Correctional ) | |
| Officer, Evans Correctional Institution ) | |
| and Willie L. Eagleton, Warden, Evans ) | |
| Correctional Institution, all in ) | |
| their individual capacity, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This action has been filed by the Plaintiff, pro se. Plaintiff, a former inmate with the South Carolina Department of Corrections, alleges violations of his constitutional rights by the named Defendants, as well as other claims. The docket reflects that an Order authorizing service of process was entered on March 16 2012, and that proof of service was thereafter filed by the Plaintiff on March 21, 2012. Pursuant to an affidavit of default filed April 16, 2012, an entry of default was made by the Clerk that same date. See Rule 55(a), Fed.R.Civ.P.

On May 7, 2012, Plaintiff filed a motion for a default judgment, wherein Plaintiff requests entry of a judgment against the Defendants in the total amount of Four Million ($4,000,000.00) Dollars. On May 14, 2012, Defendants filed a motion for relief from the default entered by the Clerk in this case, and to be allowed to file a responsive pleading. See Rule 55(c),



Fed.R.Civ.P. Plaintiff opposes the Defendants' motion.

**Discussion**

When an entry of default has been made pursuant to Rule 55, the Court may set aside the entry of default for good cause. Rule 55(c) Fed.R.Civ.P.; Federal Deposit Insurance Corporation v. Danzig, 93-1294, 1993 WL 478842 at * 5 (4th Cir. Nov. 22, 1993). This "good cause" standard is liberally construed "in order to provide relief from the onerous consequences of defaults . . . ." Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir. 1987); see also Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969)["Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits"]. Considered under this standard, and after careful review and consideration of the arguments and evidence submitted, the undersigned finds and concludes that the Defendants should be granted relief in this case.

"When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice of the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." Payne el rel. Estate of Calzada v. Brake, 439 F.3d 198, 204-205 (4th Cir. 2006). In their motion for relief, counsel states in Defendants' brief that the Defendants were not aware of the entry of default on April 16, 2012. As correctly pointed out by Plaintiff in his response, no affidavits from the Defendants have been submitted attesting to this purported fact.[1] However, even setting that issue aside, it is readily

---

[1] In response to this Report and Recommendation, the Defendants are directed to submit affidavits attesting to when they became aware of the pendency of this lawsuit and of the Clerk's entry of default, so that the District Judge may have the benefit of sworn statements from the Defendants as part of her review of this Report and Recommendation.



apparent that the Defendants may have meritorious defenses to Plaintiff's claims, and that they acted with reasonable promptness upon receipt of Plaintiff's motion for entry of a default judgment to have counsel enter an appearance and seek relief from the default that had been entered by the Clerk. Further, Plaintiff will suffer no prejudice with respect to the prosecution of his case if Defendants' requested relief is granted, as no evidence, witnesses, etc. have been lost because of any undue delay, while the Defendants will suffer substantial prejudice if the default entered against them is allowed to stand. See Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc., 616 F.3d 413, 418 (4th Cir. 2010)["Delay in and of itself does not constitute prejudice to the opposing party"].

Hence, based on the relatively short time period involved here, and after consideration of the arguments made by the parties, the undersigned finds and concludes that good cause exists to set aside the default entered in this case. Lolatchy, 816 F.2d at 954 [Motion to set aside default should be liberally construed in order to provide relief from the consequences of a default]; United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982)["[T]he clear policy of the Rules is to encourage disposition of claims on their merits"]; Palmetto Federal Savings Bank of S.C. v. Industrial Valley Title Ins. Co., 756 F.Supp. 925, 931-932 (D.S.C. 1991)[Under Rule 55(c), it is not absolutely necessary that the neglect or oversight offered as a reason for a delay in filing a responsive be excusable], vacated on other grounds, 1991 WL 832830 (D.S.C. May 15, 1991); Tolson, 411 F.2d at 130 ["Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits"].

**Conclusion**

Based on the foregoing, it is recommended that Plaintiff's motion for entry of a default judgment be **denied**, that the Defendants' Motion to Set Aside Entry of Default in this case be

3



**granted**, and that the Defendants be provided twenty (20) days from the date of any order adopting this Report and Recommendation to file a responsive pleading in this case.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

June 22, 2012
Charleston, South Carolina



4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

