**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | | |
|---|---|---|
| Johnnie Gathers, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 9:12-cv-00716-JMC |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Lt. Patricia A. Graham, Correctional | ) | |
| Officer, Evans Correctional Institution | ) | |
| and Willie L. Eagleton, Warden, Evans, | ) | |
| Correctional Institution, all in their | ) | |
| individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff Johnnie Gathers's ("Plaintiff") Motion for Entry of Default Judgment [Dkt. No. 17] and Defendants Lt. Patricia A. Graham and Willie L. Eagleton's ("Defendants") Motion for Relief from Default [Dkt. No. 20]. Plaintiff is a former inmate with the South Carolina Department of Corrections. He filed this *pro se* action on March 12, 2012, alleging violations of his constitutional rights. On April 16, 2012, Plaintiff requested an entry of default against Defendants for failure to answer the complaint. After the clerk entered the default, Plaintiff further requested the entry of default judgment against Defendants in the amount of Four Million Dollars ($4,000,000.00). Approximately one week after Plaintiff filed his Motion for Entry of Default Judgment, Defendants moved for relief from the entry of default against them in this case. The Magistrate Judge issued a Report and Recommendation ("Report") [Dkt. No. 24] on June 22, 2012, recommending that Defendants' motion be granted and Plaintiff's motion be denied. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, which the court incorporates herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Plaintiff timely filed objections [Dkt. No. 28] to the Magistrate Judge's Report and Recommendation to which Defendants responded [Dkt. No. 32]. Plaintiff also filed a reply [Dkt. No. 34] to Defendants' response. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The court finds that Plaintiff made two specific objections to the Report. First, Plaintiff complains that Defendants did not offer sufficient evidence of a meritorious defense to justify setting aside an entry of default. "[A]ll that is necessary to establish the existence of a "meritorious defense" is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). Defendants have indicated that they may be entitled to immunity in this

case. The Magistrate Judge found this to be a sufficient assertion of a meritorious defense. Due to the nature of the immunity defense in this case, there is little, if any, "evidence" to be provided other than Defendants' assertion of the defense. Accordingly, the court agrees with the Magistrate Judge and finds that Plaintiff's objection lacks merit.

Plaintiff also objects to the Magistrate Judge's finding that Defendants acted with reasonable promptness in responding to Plaintiff's motion for the entry of default. The Magistrate Judge found that only a relatively short period of time had passed between the entry of the default and Defendants' motion seeking relief from the default. The Magistrate further found that Plaintiff would not be prejudiced by the lifting of the default because he would only be required to proceed with the merits of his claim. However, Defendants may be subject to grave prejudice by the entry of the default. Defendants have no history of dilatory conduct. Therefore, the court agrees that it is appropriate to adhere to this court's strong preference to avoid defaults and to resolve claims and defenses on the merits. *See Colleton Prep. Acad., Inc. v. Hoover Universal, Inc*., 616 F.3d 413, 417 (4th Cir. 2010).

After a thorough review of the Report and Recommendation and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation [Dkt. No. 24]. It is therefore **ORDERED** that Defendants' Motion for Relief from Default [Dkt. No. 20] is **GRANTED** and Plaintiff's Motion for Entry of Default Judgment [Dkt. No. 17] is **DENIED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

October 25, 2012
Greenville, South Carolina

3